UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEONARD WILLIAM DAY                                                                              PLAINTIFF

v.                                                                                    CIVIL ACTION NO. 3:07CV-42-S

DEBORAH WILLIAMS, et al                                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on the motion of the defendant, Deborah Williams, ARNP, for summary judgment on the basis of the statute of limitations. The co-defendant, Scott Haas, M.D., has joined the motion.

In this action filed pursuant to 42 U.S.C. § 1983, the plaintiff claims that his constitutional rights were violated when he was treated for a left inguinal knot while a prisoner at Kentucky's Luther Luckett Correctional Complex. In particular, plaintiff claims that the defendants were deliberately indifferent to his serious medical need when they declined to provide or recommend a surgical repair for the plaintiff's hernia problem, and instead provided non-invasive treatment.

There is no dispute that the plaintiff was first seen by defendant Williams on June 13, 2005, in the health unit of the correctional facility. The plaintiff had a prior surgical hernia repair at the age of 23, and in 2005 complained of a bulge at the site. Williams examined the plaintiff and diagnosed him as having a reducible hernia with intact mesh and no pain on palpation. The plaintiff was instructed to use an ice bag, take over-the-counter medication, and constrain his weightlifting activity to 25 pounds. The plaintiff reported lifting approximately 320 pounds while exercising at the time of his injury.

- 2 -

The plaintiff was apparently unhappy with the instruction to essentially terminate his weightlifting activity, and demanded surgical intervention. However, he was discharged with the aforementioned treatment and instructions along with a binder and truss.

Two days later, on June 15, 2005, the plaintiff filed a grievance demanding that his hernia be treated with surgery.

While other examinations and treatments ensued, the plaintiff's grievance wound its way through the grievance procedure. Ultimately, on August 4, 2005, in an opinion by defendant Haas as Medical Director for the Department of Corrections, the plaintiff's grievance was denied. The plaintiff's lawsuit was filed in this court on January 26, 2007.

Thus, at the latest, the plaintiff knew by August of 2005 that his demand for surgical hernia repair had been denied.

Lawsuits such as this are required to be brought within one year of the accrual of the action. *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir. 1990).

Although the defendants argue that the plaintiff's claim accrued earlier, when he was first denied surgical intervention, it is clear that, giving the plaintiff the benefit of the doubt, the within claims have been filed well after one year from the date the plaintiff's grievance was denied at the final step. The plaintiff argues that because he had surgical repair of his hernia in May of 2007, summary judgment should be denied because it is clear that he required surgical hernia repair.

The fact that the plaintiff ultimately had the surgery, however, is irrelevant. His claims in this case that his constitutional rights were violated when he was denied surgical repair in 2005, are simply too late under the law. The fact that the plaintiff was later examined on January 22, 2007

- 3 -

with complaints of increasing pain, and thereafter had the surgery he first demanded in 2005, does not save his 2005 claims as filed beyond the statute of limitations.

An order will be entered this date in conformity herewith.

Dated:

cc: Counsel of Record
 *Pro Se* Plaintiff